# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

'10 NOV 18 P1 :50

V.

CRIMINAL COMPLAINT

STEVEN J. NIGG
A/K/A STEPHEN J. NIGG
(d.o.b. xx/xx/55)

CASE NUMBER: 10-M- 682

I, Paul J. Harding, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

That on or about September 4, 2010, in the State and Eastern District of Wisconsin, Steven J. Nigg, a/k/a Stephen J. Nigg, who previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms which, prior to his possession of them, had been transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

Further, the defendant is an Armed Career Criminal, having been convicted of three counts of armed robbery with a firearm in Maricopa County, Arizona, Case Nos. 95313 and 95694, which were committed on occasions different from one another and which qualify as violent felonies.

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and this complaint is based on the following facts:

Please see the attached affidavit.

Continued on the attached sheet and made a part hereof:   X  Yes  ___ No

Signature of Complainant
PAUL J. HARDING

Sworn to before me and subscribed in my presence,

November 18, 2010
Date

at Green Bay, Wisconsin
City and State

The Honorable James R. Sickel
United States Magistrate Judge
**Name & Title of Judicial Officer**

Signature of Judicial Officer

Case 1:10-cr-00273-WCG   Filed 11/18/10   Page 1 of 6   Document 1

## AFFIDAVIT

Paul J. Harding, being first duly sworn on oath, state that:

1. I am a special agent for the United States Department of Justice, Bureau of Alcohol, Tobacco Firearms and Explosives ("ATF") assigned to the Milwaukee Field Office, State and Eastern District of Wisconsin. I've been an ATF agent since August 1987, and my duties are to investigate alleged violations of federal firearms laws. The information contained in this affidavit is based upon my personal observations and investigation, as well as information relayed to me by other law enforcement officers and citizen witnesses referenced below, and through official records of the Maricopa County Superior Court, State of Arizona. To the extent that the information is not based upon my personal knowledge, I believe it to be truthful and reliable.

2. In September 2010, I began an investigation of Steven J. Nigg, a/k/a Stephen J. Nigg (DOB: xx/xx/1955) (hereinafter "Nigg" or "Steven") for an alleged violation of 18 U.S.C. §§ 922(g)(1) and 924(e), possession of a firearm by a convicted felon as an armed career criminal. I received information that Fred Veenstra, a private investigator licensed with the State of Wisconsin, purchased two firearms from Nigg on 09/04/2010 at Nigg's "Nuthin Fancy" consignment shop located on State Highway 32 in Lakewood, State and Eastern District of Wisconsin.

3. After learning that Nigg had an Arizona criminal record, I contacted the Clerk of Court for the Maricopa County Superior Court, State of Arizona, and requested a certified copy of the Judgments of Conviction for case numbers 95313 and 95694. I have received these documents, which indicate that on 03/09/1977, Nigg was convicted in Maricopa County of three counts of felony armed robbery with a firearm, such violations occurring on 11/03/76, 11/04/76, and 11/08/76, and each count involving a different victim. The court sentenced Nigg to 15 to 30 years in the Arizona prison system for these armed robbery convictions.

4. On 09/27/2010, I met with Veenstra and Attorney Mary Sue Anderson in the Offices of Mallery & Zimmerman, S.C., located in Wausau, Wisconsin. Attorney Anderson explained that she represents Joyce Nigg in an Oconto County probate case involving the estate of Joyce's late husband, Marvin Nigg. Attorney Anderson said that Marvin's son (and Joyce's step-son), Steven J. Nigg, was a party to the case and that Joyce suspected Steven of selling items from the estate in violation of a probate court restraining order. Attorney Anderson also said that Marvin had possessed a large gun collection at the time of his death and that Steven was believed to be in possession of at least part of that collection. Attorney Anderson said that she had hired Veenstra to attempt to purchase firearms from Steven at his Lakewood consignment shop and that Veenstra had done so.

5. Veenstra told me that on 09/04/2010, he traveled to Steven Nigg's consignment

shop. At approximately 8:00 am, he knocked on the door but did not receive an answer. Veenstra left the shop and returned at approximately 8:30 am and again knocked on the door. Steven Nigg answered the door and asked if Veenstra had been knocking on the door at 8:00 am. Veenstra answered yes, and Steven thanked Veenstra. saying that he had needed to get up to open the shop for business.

6. Veenstra said that after some conversation, he learned that Steven Nigg had two rifles available for sale. Veenstra said that he bought these two firearms from Nigg for a total of $1,600. Nigg produced these firearms from behind the counter; the firearms were not on display in the store when Veenstra arrived. Nigg wrote out a receipt and provided it to Veenstra.

7. Veenstra said that while he and Nigg were discussing the firearms, Nigg produced a printed firearm list which Nigg said was a listing of some of the firearms that he had dealt with as part of the estate of his father, Marvin Nigg. Several listed firearms were checked off, and several were marked by a circle in front of the description. The list had notations indicating that firearms marked with circles were "shipped" and firearms marked with a check mark were in the possession of "Steve S." Veenstra said that Nigg told him that the shipped firearms had been sent to an auction house in Maine, and that the ones marked with a check were "sold," but that he had not received the money for all of them yet.

8. Veenstra told Nigg that he would be interested in purchasing additional firearms

and asked if he could have a copy of the list. Nigg agreed and Veenstra took the list to the Family Dollar Store located next to the consignment shop and had a copy made. Veenstra returned to the consignment shop and gave the list back to Nigg. Veenstra left the shop with the receipt, the copy of the printed list, and the two firearms. Veenstra also said that one of the firearms he bought, namely the Kimber .22 caliber rifle, had a price tag on it of $1,495.

9. Veenstra said that he maintained custody of the firearms until 9/20/2010, when they were turned over to Attorney Anderson, who stored them at her law office. I took custody of the firearms list, the receipt, and the two firearms, which are described as an Ed Kettner, .35 Whelen caliber, bolt-action rifle, marked with "Coln Suhl" but bearing no serial number, and a Kimber, model 82, .22 caliber rifle, bearing serial number JFFH1984. Based upon my training and experience, I know that these firearms were manufactured outside Wisconsin, meaning that they would have traveled in interstate commerce prior to Steven Nigg's possession of them in Lakewood.

10. Attorney Anderson sent me a transcript from a deposition that she took of Steven Nigg on 10/28/10 in *Joyce Nigg v. Marvin Nigg Revocable Trust*, Oconto County Case 10-CV-238. In that deposition, Nigg said that he sold the firearms to Veenstra, and he claimed to know Veenstra was a private investigator at the time of the sale. Nigg also admitted that he was convicted of armed robbery in Arizona and served time in prison from 1976 to 1990.

11. Based upon the foregoing information, I believe there is probable cause to believe that Steven J. Nigg, a convicted felon, possessed firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

_____
AFFIANT PAUL J. HARDING

Suberibed and sworn before me this ___18___ day of November, 2010.

_____
JAMES R. SICKEL
United States Magistrate Judge
Eastern District of Wisconsin