ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                      Case No. 10-CR-273

STEVEN J. NIGG,
a/k/a STEPHEN J. NIGG,

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Timothy W. Funnell, Assistant United States Attorney, and the defendant, Steven J. Nigg, a/k/a Stephen J. Nigg, individually and by attorney Kirk Obear, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in a one-count indictment, which alleges a violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

3.    The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**THE GRAND JURY CHARGES THAT:**

1. *On or about September 4, 2010, in the State and Eastern District of Wisconsin,*

*STEVEN J. NIGG,*
*a/k/a STEPHEN J. NIGG,*

*who previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms which, prior to his possession of them, had been transported in interstate commerce, the possession of which was in and affecting commerce.*

2. *The firearms included and are more fully described as an Ed Kettner, .35 Whelen caliber, bolt-action rifle, with no serial number, and a Kimber, model 82, .22 caliber rifle, bearing serial number JFFH1984.*

3. *The defendant is an Armed Career Criminal, having been convicted of the following violent felonies: three counts of armed robbery with a firearm in Maricopa County, State of Arizona, Case Nos. CR95313 and CR95694, with offense dates of November 3, 4, and 8, 1976, and sentencing for all three counts occurring on March 9, 1977.*

*All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).*

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to

2

proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On 03/09/1977, in Maricopa County, Arizona, the defendant was convicted of three felony counts of armed robbery with a firearm in case numbers 95313 and 95694. The court sentenced the defendant to 15 to 30 years in the Arizona prison system. The defendant was released from prison in 1990.

On 09/04/2010, a private investigator ("P.I.") traveled to the defendant's re-sale shop in Lakewood, Oconto County, Eastern District of Wisconsin, to determine if the defendant was possessing and/or selling firearms. The P.I. met with the defendant and learned that the defendant possessed two firearms at the store that he was willing to sell, namely, an Ed Kettner, .35 Whelen caliber, bolt-action rifle, marked with "Coln Suhl" but bearing no serial number, and a Kimber, model 82, .22 caliber rifle, bearing serial number JFFH1984. The P.I. bought the two firearms from the defendant for $1,600. The defendant produced the firearms from behind the counter; the firearms were not on display in the store when the P.I. arrived.

The defendant agrees that the described firearms were manufactured outside Wisoonsin, that they were transported in interstate commerce prior to the defendant's possession of them, and his possession was therefore in and affecting commerce.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

3

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum term of ten years in prison and a maximum $250,000 fine. The count also carries a mandatory special assessment of $100, and a maximum of 5 years of supervised release.

7. The defendant acknowledges and understands that he may be subject to the Armed Career Criminal provisions of 18 U.S.C. § 924(e) and Sentencing Guidelines Manual § 4B1.4. If the defendant is determined to be an Armed Career Criminal, he will be subject to a fifteen-year mandatory minimum term of imprisonment and a maximum of life imprisonment.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as an Armed Career Criminal under 18 U.S.C. § 924(e).

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of felon in possession of a firearm as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that, prior to September 4, 2010, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year;
> Second, that on September 4, 2010, the defendant knowingly possessed a firearm; and
> Third, that the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date.

4

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that

the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 33 under Sentencing Guidelines Manual § 4B1.4(b)(3)(B). Should the sentencing court determine that the defendant does not qualify as an Armed Career Criminal, the parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 24 under Sentencing Guidelines Manual § 2K2.1(a)(2). The defendant is free to argue against the application of these provisions.

6

### Specific Offense Characteristics

17.     The parties acknowledge and understand that if the sentencing court determines the defendant qualifies as an Armed Career Criminal, there are no specific offense characteristics that apply to his advisory guideline range. Should the sentencing court determine that the defendant does not qualify as an Armed Career Criminal, the parties acknowledge and understand that the government will recommend to the sentencing court that a 4-level increase for possessing 8-24 firearms under Sentencing Guidelines Manual § 2K2.1(b)(1)(B) is applicable to the offense level for the offense charged in count one. The defendant is free to argue against the application of this provision.

### Acceptance of Responsibility

18.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Armed Career Criminal

19.     The parties acknowledge, understand, and agree that the defendant may qualify as a an Armed Career Criminal under 18 U.S.C. § 924(e). The parties further understand, acknowledge, and agree that the defendant may not move to withdraw the guilty plea solely as a result of a determination that he is an Armed Career Criminal under 18 U.S.C. § 924(e).

7

### Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court, but should the defendant qualify as an Armed Career Criminal, the government agrees to recommend the mandatory minimum sentence of 15 years in prison, and the government agrees not to recommend a fine.

### Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraphs 6 and 7 above. The parties further understand that the sentencing court will be guided by the

8

sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

### Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S COOPERATION

28. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so.

9

The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## **DEFENDANT'S WAIVER OF RIGHTS**

29. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.
>
> b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.
>
> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

  d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

  e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

  30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

  31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

  32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry

11

Case 1:10-cr-00273-WCG  Filed 01/20/11  Page 11 of 13  Document 15

of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

33. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

34. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 1-19-11

STEVEN J. NIGG, a/k/a STEPHEN J. NIGG
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: JAN 19, 2011

KIRK B. OBEAR
Attorney for Defendant

For the United States of America:

Date: _____

JAMES L. SANTELLE
United States Attorney

Date: 1/19/11

TIMOTHY W. FUNNELL
Assistant United States Attorney

13